IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TORRIANNO WALPOOL,         )<br>    ID # 02075250,              )<br>        Petitioner,             )<br>vs.                             )     No. 3:18-CV-2939-L-BH<br>                                )<br>LORIE DAVIS, Director,          )<br>Texas Department of Criminal    )<br>Justice, Correctional Institutions Division,  )     Referred to U.S. Magistrate Judge<br>        Respondent.            )| |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation. Before the Court is the petitioner's *Motion to Stay the § 2254 Petition and Hold in Abeyance and Grant Leave of Court to Ex[h]aust [Actual] Innocence Claim Recant in State Court and Return to Amend the § 2254 with Ex[h]austed Claim*, received on March 13, 2019 (doc. 16). Based on the relevant filings and applicable law, the motion to stay should be **DENIED**.

### I. BACKGROUND

On January 27, 2016, the petitioner was convicted of sexual assault of a child. (doc.15-1 at 64.) The judgment was affirmed on appeal on February 27, 2017. (doc. 15-7 at 1.) He did not file a petition for discretionary review. (doc. 3 at 3.) He filed a state habeas application on August 22, 2017, and it was denied on March 28, 2018). (doc. 15-10 at 18; doc. 15-16.)

The petitioner's habeas petition under 28 U.S.C. § 2254, received on November 5, 2018, raised several grounds of ineffective assistance of counsel. (*See* doc. 3 at 6; doc. 4 at 8-22.) On March 4, 2019, the respondent filed an answer. (*See* doc. 13.) The petitioner now seeks a stay so that he may return to state court and present a claim of actual innocence with a recanting affidavit. (*See* doc. 16.)

## II. STAY

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).[1] A stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The petitioner has not met the *Rhines* standard. Although there is no indication that the petitioner is engaging in intentionally dilatory litigation tactics, his one-paragraph motion does not explain or show good cause for his failure to present the new claim in state court before filing his § 2254 petition. Nor does it show that his new claim is potentially meritorious.[2] He has not shown that he is entitled to a stay.

## III. RECOMMENDATION

The petitioner's motion to stay should be **DENIED**.

---

[1] A federal court's review under 28 U.S.C. § 2254 is limited to the record that was before the state court that adjudicated the claims on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

[2] The Supreme Court has not recognized actual innocence as a ground for federal habeas relief. *See Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir.2013). A claim of actual innocence is a gateway to review a claim that would otherwise be barred by the statute of limitations or procedurally barred. *See Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018).

**SO RECOMMENDED this 15th day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE