IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TORRIANNO WALPOOL, 02075250,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:18-CV-2939-L** |
| § | |
| **LORIE DAVIS, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 17, 19) were entered on March 15 and 19, 2019, recommending that the court deny Petitioner's Motions to Stay his Section 2254 Habeas Corpus Petition (Docs. 16, 18) while he returns to state court and presents a claim of actual innocence with a recanting affidavit for purposes of exhausting his state remedies as required to pursue federal habeas relief. In the first Report, the magistrate judge explains that "[a] stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Report 2 (Doc. 17) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). The magistrate judge determined that Petitioner has not satisfied this standard because,

> [a]lthough there is no indication that the petitioner is engaging in intentionally dilatory litigation tactics, his one-paragraph motion does not explain or show good cause for his failure to present the new claim in state court before filing his § 2254 petition. Nor does it show that his new claim is potentially meritorious."

*Id.* (footnote omitted). Instead of filing objections to the first Report, Petitioner filed a second, nearly identical motion to stay. In the second Report, the magistrate judge determined that the new motion to stay filed after issuance of the first Report "does not provide any additional argument, and it should be denied for the same reasons as the prior motion to stay." Report 1 (Doc. 19).

Petitioner filed objections, which were docketed on March 28, 2019. In his objections, Petitioner contends that he has established good cause for the requested stay because he is now claiming he is actually innocent of the sexual assault of a child offense for which he was convicted, and he "did not have the recant[ing affidavit] in state court" that now provides the basis for his actual innocence claim. Obj. ¶ 1.5. Petitioner further asserts that this unexhausted claim is "very meritorious," and there would have been no need for federal review if he had obtained the recanting affidavit during the state court proceedings. *Id.* ¶ 1.6 (internal quotation marks omitted). Petitioner argues that he can meet the *Rhines* standard because he was "not aware that the victim had furnished a notarized recanting statement and is ready and willing to take the stand in open court to correct []his wrongful conviction." *Id.* ¶ 3.3. Petitioner maintains that this new evidence or claim proves that he is innocent and being illegally detained in violation of his constitutional rights.

Although his objections include more information than the conclusory statements in his motions, and the objections include an "Inmate Declaration" in which Petitioner "solem[n]ly swear[s] this document is true and correct so help me God," Obj. 5, the court determines that this information still falls short of what is required to be entitled to a stay under *Rhines*. Petitioner does not indicate when the child victim provided a recanting affidavit, and his assertions regarding the meritorious nature of his new actual innocence claim are conclusory. Additionally, Petitioner does not indicate what is stated in the child victim's recanting affidavit, and he assumes, but does not

explain why he believes, that the recanting affidavit will establish that he is actually innocent of the sexual assault of a child offense. If the child victim's testimony was the only evidence supporting his conviction, the court at most would only be able to infer that he *might* be entitled to a new trial, not that he has a meritorious claim based on actual innocence, because it is unclear from Petitioner's motions and objections whether other evidence supporting his conviction exists. In other words, granting the requested stay based on the information presented would require the court to make a determination based on impermissible, unsupported inferences. The court, therefore, **overrules** Petitioner's objections.

Accordingly, having reviewed the motions, pleadings, file, all portions of the Record in this case to which Petitioner cited, and Reports, and having conducted a de novo review of the portions of the Reports to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court, and **denies** Petitioner's Motions to Stay his Section 2254 Habeas Corpus Petition (Docs. 16, 18).

**It is so ordered** this 23rd day of May, 2019.

_____
Sam A. Lindsay
United States District Judge