IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TORRIANNO WALPOOL, | § | |
| TDCJ No. 2075250, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-2939-L-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Torrianno Walpool, a Texas prisoner, "was convicted by a jury of
sexual assault of a child under the age of 17 and sentenced by the trial court to thirty
years in prison." *Walpool v. State*, No. 05-16-00105-CR, 2017 WL 745784, at \*1 (Tex.
App. – Dallas Feb. 27, 2017, no pet.), *aff'g as modified State v. Walpool*, No. F14-
76467-J (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.).

Walpool now asserts, through a *pro se* application for a writ of habeas corpus
under 28 U.S.C. § 2254, that the Texas Court of Criminal Appeals (the CCA)
unreasonable adjudicated his eleven claims of ineffective assistance of trial counsel
(IATC) and his claim that the cumulative effect of trial counsel's unconstitutional
errors deprived him of due process and a fair trial, *see* Dkt. Nos. 3 & 4, claims that
the CCA denied without written order on the findings of the trial court without a
hearing, *see Ex parte Walpool*, WR-87,520-01 (Tex. Crim. App. Mar. 28, 2018) [Dkt.
No. 15-16]; *see also* Dkt. No. 15-15 at 19-36 (trial court's findings of fact, conclusions
of law, and recommendation on the habeas application).

The State responded. *See* Dkt. No. 13. Walpool's replied. *See* Dkt. Nos. 23, 26, & 28. And United States District Judge Sam A. Lindsay then referred Walpool's Section 2254 application to the undersigned United States magistrate judge for pretrial management.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

**Legal Standards**

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). This is because, "[u]nder AEDPA, state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam).

So, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The statute therefore "restricts the power of federal courts to grant writs of habeas corpus based on claims that were 'adjudicated on the merits' by a state court," *Shinn*, 141 S. Ct. at 520 (citation omitted). And, "[w]hen a state court has applied clearly established federal law to reasonably determined facts in the process of adjudicating a claim on the merits, a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Further, "[u]nder § 2254(d)," the reasonableness of the state court decision – not whether it is correct – "is '"the only question that matters."'" *Id.* at 526 (quoting *Richter*, 562 U.S. at 102); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. §

2254(d)"). And nothing "in AEDPA or [the Supreme] Court's precedents permit[s] reduced deference to merits decisions of lower state courts." *Shinn*, 141 S. Ct. at 524 n.2 (citing 28 U.S.C. § 2254).

Starting with Section 2254(d)(1), a state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

As noted above, "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's

- 4 -

determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that

the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*,

682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination.… In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942. Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the

written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

The Court reviews the merits of properly exhausted IATC claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good enough'" – "'was [1] objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

And, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a

state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-

12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IATC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court has adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."); *cf. Shinn*, 141 S. Ct. at 525 ("recogniz[ing] the special importance of the AEDPA framework in cases involving *Strickland* claims," since "[i]neffective-assistance claims can function 'as a way to escape rules of waiver and forfeiture,' and they can drag federal courts into resolving questions of state law" (quoting *Richter*, 562 U.S. at 105)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state

court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S.

at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland*

was unreasonable under § 2254(d) is all the more difficult. The standards created by

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in

tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

"And, because the *Strickland* standard is a general standard, a state court has even

more latitude to reasonably determine that a defendant has not satisfied that

standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation omitted).

In sum, AEDPA does not permit a *de novo* review of state counsel's conduct in

these claims under *Strickland*. *See Richter*, 562 U.S. at 101-02. Instead, on federal

habeas review of a *Strickland* claim fully adjudicated in state court, the state court's

determination is granted "a deference and latitude that are not in operation when the

case involves review under the *Strickland* standard itself." *Id.* at 101.[1]

---

[1] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court ha already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."' Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have

By basing its adjudication on the trial court's findings, the CCA denied at least eight of the eleven Section 2254 IATC claims that Walpool has made only on state law grounds – Claims 1, 4, 6, 7, 8, 9, 10, and 11. *See* Dkt. No. 15-15 at 22-35 (basing its recommendation as to the applicable claims on Texas law as expressed by Texas Rule of Evidence 609, decisions of the CCA and an intermediate Texas appellate court, and the Texas Code of Criminal Procedure).

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law ... binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citations omitted). So "[a] federal habeas court is required to defer 'and cannot review the correctness of the state habeas court's interpretation of state law.'" *Jones v. Dir., TDCJ-CID*, No. 1:17cv424, 2021 WL 818386, at *7 (E.D. Tex. Feb. 8, 2021) (quoting *Amador v. Quarterman*, 458 F.3d 397, 412 (5th Cir. 2006) (quoting, in turn, *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004))), *rec. adopted*, 2021 WL 807263 (E.D. Tex. Mar. 3, 2021).

As a result, where a Section 2254 petitioner presents a *Strickland* claim fully adjudicated in state court only on state law grounds, the petitioner cannot show that the state court's determination was based on an unreasonable application of federal law, which therefore prevents federal habeas relief under AEDPA. *See Amador*, 458 F.3d at 412 ("[B]ecause the state habeas court held that Amador's statement

---

fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

identifying the caliber of the guns was admissible under Texas law, the result of

Amador's appeal would not have been different had his appellate counsel raised this

claim. Accordingly, the TCCA's determination that Amador did not receive ineffective

assistance of appellate counsel under *Strickland* was not an unreasonable application

of federal law."); *see also Ries v. Quarterman*, 522 F.3d 517, 531 (5th Cir. 2008) ("As

to the prosecutor's second statement ('Why do we have the death penalty?'), the state

court determined under state law that the statement was proper as a plea for law

enforcement. Accepting the state court's conclusion based on state law that the

objection had no merit, counsel was not ineffective for failing to make it." (citation

omitted)); *Soliz v. Davis*, 750 F. App'x 282, 292-93 (5th Cir. 2018) (per curiam) ("To

succeed on the IATC claim, Soliz must show that counsel's failing to object was

deficient and that he was prejudiced by the deficiency. 'In order to show that counsel

was deficient for failing to object,' though, 'the objection must have merit.' We defer

to a state court's determination that an objection would have been meritless under

state law because 'in our role as a federal habeas court, we cannot review the

correctness of the state habeas court's interpretation of state law.' Soliz cannot make

a substantial showing under *Strickland* because Soliz's 'counsel cannot have rendered

ineffective assistance of counsel by failing to make an objection that would have been

meritless.'" (citations omitted)).

The Court should therefore deny Claims 1, 4, 6, 7, 8, 9, 10, and 11.

Through his second and third IATC claims, Walpool alleges that his trial

counsel failed to conduct an adequate investigation to obtain impeachment evidence

against the complainant and then failed to adequately cross-examine three prosecution witnesses. Again, as to these claims, the CCA's adjudications rest solely on state law grounds. *See* Dkt. No. 15-15 at 28-31. And Walpool has therefore failed to show that these determinations were based on an unreasonable application of federal law, precluding relief here. *See Amador*, 458 F.3d at 412; *Ries*, 522 F.3d at 531; *Soliz*, 750 F. App'x at 292-93.

Further, as to the investigation claim, insofar as the state court's determination is based on more than state law grounds, considering the habeas standards applicable to an investigation by counsel – that "'[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary' [and that 'a] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances,' but [that federal courts] still 'apply a heavy measure of deference,'" *Howard*, 959 F.3d at 171 (quoting *Strickland*, 466 U.S. at 691; original brackets omitted) – Walpool has not shown that the CCA's denial of this claim was unreasonable, *see Adekeye*, 938 F.3d at 680 ("Adekeye fails to allege what a sufficient investigation would have uncovered or how it would have changed his trial outcome. As Adekeye cannot show prejudice, he cannot show that the state habeas court unreasonably applied *Strickland v. Washington* or other clearly established federal law." (footnote omitted)).

Similarly, Walpool has not shown that the cross-examination that he contends that counsel failed to conduct would have altered the outcome of the proceedings and

thus shown that the CCA's denial of this claim was unreasonable.

The Court should therefore deny Claims 2 and 3.

Turning to the fifth IATC claim, Walpool argues that his trial counsel violated the Sixth Amendment right to effective assistance by not objecting to, or requesting a mistrial as to, an alleged sleeping juror. The CCA's determination of this claim cited an audience member attesting that she saw a juror sleeping during a portion of Walpool's trial and brought this to his counsel's attention. *See* Dkt. No. 15-15 at 34. "The record is otherwise devoid of information about how much of the trial the juror missed and what portions she slept through." *Id.* So the state court determined that "no deficiency is shown" – "[t]rial counsel may have perceived the juror to be favorable to [Walpool] and therefore did not want her removed"; plus "[t]he record is bereft of counsel's reasoning on this matter and trial counsel is deceased." *Id.*

Walpool's conclusory assertions in support of this claim do not suffice to show that the CCA's adjudication of this claim was unreasonable and thus "overcome the AEDPA bar and obtain federal habeas relief." *Tuckness v. Davis*, No. 2:16-cv-188-D, 2019 WL 1930038, at \*4 (N.D. Tex. Mar. 22, 2019) (footnote omitted), *rec. adopted*, 2019 WL 1923851 (N.D. Tex. Apr. 30, 2019); *cf. Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) ("It is clear that Sayre's conclusory speculation about the effect of the unidentified favorable witness' testimony falls far short of the prima facie showing of prejudice necessary for the evidentiary hearing Sayre requests." (citing *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983))).

The Court should therefore deny Claim 5.

And, for all these reasons, showing that Walpool has not shown that the CCA, through its adjudication of his IATC claims, unreasonably applied federal law, Walpool has not shown that the CCA unreasonably adjudicated his claim of cumulative error. The Court should therefore deny Claim 12.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 25, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 17 -